# United States Court of Appeals
### For the Eighth Circuit

_____

No. 26-1520

_____

United States of America

*Plaintiff - Appellee*

v.

L.C. Myrick

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: July 27, 2026
Filed: July 30, 2026
[Unpublished]

_____

Before ERICKSON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

L.C. Myrick appeals the sentence the district court[1] imposed after he pled guilty to a firearm offense pursuant to a plea agreement with an appeal waiver. His counsel

---

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

has moved for leave to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence.

Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the issue raised in this appeal. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (waiver will be enforced if appeal falls within the scope of waiver, defendant knowingly and voluntarily entered into waiver and plea agreement, and enforcing waiver would not result in miscarriage of justice; allegation that court abused discretion not subject to appeal in face of valid waiver). No miscarriage of justice will result from enforcing the appeal waiver. <u>Hunter v. United States</u>, 146 S. Ct. 1702, 1713 (2026).

We have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no nonfrivolous issues outside the scope of the waiver. Accordingly, we grant counsel's motion to withdraw and dismiss this appeal.

_____